UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

G & G CLOSED CIRCUIT EVENTS, LLC,

Plaintiff,

v.

CHRISTOPHER WILLIAM FINCH, et al.,

Defendants.

Case No.:  22-cv-2063-AJB-MSB

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS**

**(Doc. No. 16)**

Before the Court is Plaintiff G&G Closed Circuit Events, LLC's ("Plaintiff") motion for attorneys' fees and costs. (Doc. No. 16.) For the reasons discussed below, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion.

## I.  BACKGROUND

On December 29, 2022, Plaintiff, a distributor of sports and entertainment programming, initiated this action against defendants Christopher William Finch and CWF Holdings, LLC ("CWF") d/b/a Poor House Brewing and Supply ("Poor House Brewing") (collectively "Defendants"), claiming Defendants unlawfully intercepted and displayed a boxing fight on Defendants' televisions at Pour House Brewing without obtaining the proper sublicensing rights. (Doc. No. 1 at 7.)

On October 30, 2023, the Court granted Plaintiff's motion for default judgment as to Count I (47 U.S.C. § 605(a)) and Count III (conversion) of the Complaint and dismissed without prejudice all remaining claims. (Doc. No. 12 at 9.) The Court awarded Plaintiff damages in the amount of $3,250.00 in statutory damages and $5,000.00 in enhanced damages on Count I, and $650.00 in damages on Count III for a total award of $8,900.00. (*Id.*) The Clerk entered default judgment in favor of Plaintiff on Counts I and III the following day. (Doc. No. 13.) On November 13, 2023, Plaintiff filed the present motion for attorneys' fees and costs. (Doc. No. 16.) Defendants have not filed any opposition to the motion or otherwise appeared in this action.

## II.  LEGAL STANDARD

According to 47 U.S.C. § 605(e)(3)(B)(iii), the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." An "aggrieved party" includes "any person with proprietary rights in the intercepted communication by wire or radio, including wholesale or retail distributors of satellite cable programming . . ." 47 U.S.C. § 605(d)(6).

## III.  DISCUSSION

Here, Plaintiff seeks attorneys' fees in the amount of $3,946.30 and costs in the amount of $2,037.00. (Doc. No. 16 at 7.) The Court considers in turn whether Plaintiff is a prevailing party entitled to fees and costs, and if so, whether the amounts requested are reasonable.

### A.  Prevailing Party

To begin, the Court determines whether Plaintiff is an aggrieved prevailing party entitled to attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii). Courts routinely hold that an aggrieved party includes "a program distributor with exclusive distribution rights." *J & J Sports Prods., Inc. v. Nguyen*, No. 13-cv-02008-LHK, 2014 WL 60014, at *5 (N.D. Cal. Jan. 7, 2014) (collecting cases). Here, Plaintiff's Complaint and Defendants' default establish that Plaintiff had exclusive rights to distribute the *Luis Ortiz v. Charles Martin Championship Fight Program* ("the Program"), and Defendants violated that right when

they broadcasted the Program without authorization. (Doc. No. 12 at 5.) Plaintiff is therefore an aggrieved party. And because the Court granted Plaintiff default judgment on its piracy claim, (*id.* at 9), Plaintiff is a prevailing party entitled to reasonable attorneys' fees under 47 U.S.C. § 605(e)(3)(B)(iii).

### B.   Reasonable Attorneys' Fees

After a party is found eligible for fees, the district court must determine what fees are reasonable. *Roberts v. City & Cty. of Honolulu,* 938 F.3d 1020, 1023 (9th Cir. 2019). "Courts begin the analysis by applying the lodestar method." *Id. See also DIRECTV, Inc. v. Atwal,* No. CIVS03-2499-WBS-DAD, 2005 WL 1388649, at *2 (E.D. Cal. June 8, 2005) (applying the lodestar method in calculating attorneys' fees under 47 U.S.C. § 605(e)(3)(iii)). The lodestar figure is calculated by "multiplying the number of hours reasonably expended on the litigation by the reasonable hourly rate." *Intel Corp. v. Terabyte Int'l, Inc,* 6 F.3d 614, 622 (9th Cir. 1993).

To determine a reasonable hourly rate, the court should consider the "experience, skill, and reputation of the attorney requesting fees" and "be guided by the rate prevailing in the community for similar work performed by attorneys of comparable skill, experience, and reputation." *Schwarz v. Sec'y of Health and Human Servs.*, 73 F.3d 895, 908 (9th Cir. 1995). The court may also "conduct an hour-by-hour analysis of the fee request" to determine if any fees are "excessive, redundant, or otherwise unnecessary." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1203. (9th Cir. 2013). The court may adjust the lodestar upward or downward based on these considerations. *Id.* at 1202.

### 1) Thomas Riley

First, the Court assesses whether Mr. Thomas Riley's ("Mr. Riley" or "Plaintiff's Counsel") is reasonable. Mr. Riley attests that he billed 2.25 hours at a rate of $600.00 an hour in this case. (Doc. No. 16-1 at 8.) Mr. Riley is a licensed attorney and a member in good standing in California, New Jersey, and Pennsylvania. (*Id.* at 2.) He has practiced law for approximately 30 years. (*Id.*) His firm has specialized in commercial signal piracy claims since December 1994. (*Id.*)

Courts in this District have held that a range of rates from $450.00 to $750.00 per hour as reasonable for a senior partner. *See G&G Closed Circuit Events, LLC v. Zarazua*, No. 20cv00816-LAB-MSB, 2022 WL 3019859, at *2 (S.D. Cal. Jul. 29, 2022); *Gallagher v. Philipps*, No. 20-cv-00993-LL-BLM, 2022 WL 848329, at *3 (S.D. Cal. Mar. 22, 2022); *Youngevity Int'l Corp. v. Smith*, No. 16-cv-0070-BTM-JLB, 2018 WL 2113238, at *5 (S.D. Cal. May 7, 2018) ("Courts in this district have held a range of rates from $450-750 per hour reasonable for a senior partner in a variety of litigation contexts and specialties."). Because Mr. Riley's hourly rate of $600 falls within this range, the Court finds it reasonable.

Second, the Court considers whether the number of hours Mr. Riley billed is reasonable. Mr. Riley provides a billing statement with time entries reflecting the time he spent on various tasks. (Doc. No. 16-1 at 7–8.) Mr. Riley worked a total of 2.25 hours. (*Id.* at 8.) He explains in his declaration that the billable hours are calculated "by way of a thorough review of the files themselves." (*Id.* at 3.) Mr. Riley does not use billing software or keep contemporaneous billing records. (*Id.* at 3–4.) Given the lack of contemporaneous reporting, Mr. Riley's represented hours spent are less reliable and likely to contain inaccuracies. *See G & G Closed Cir. Events, LLC v. Hernandez*, No. 20-cv-2112-MMA-RBB, 2021 WL 3290422, at *2 (S.D. Cal. Aug. 2, 2021) ("Thus, the 'reconstructed' billing records are not contemporaneous. This appears to be Mr. Riley's standard practice."). In addition, some of Mr. Riley's time entries appear duplicative of tasks completed by either his research attorney or administrative assistant. (*See* Doc. No. 16-1 at 7–8 (describing same tasks for different people). Plaintiff's filing is devoid of any explanation why it was necessary or reasonable to duplicate certain tasks.

To mitigate the risks of non-contemporaneous and duplicative billing, the Court deems it appropriate to apply a 0.5-hour reduction in Mr. Riley's total hours, and finds the the number of hours reasonably expended is 1.75 hours. Multiplying the reasonable rate of $600 by the 1.75 hours reasonably spent, the Court awards Mr. Riley $1,050.00 in attorneys' fees.

### 2) Research Attorney

Next, the Court turns to the reasonableness of Plaintiff's request for fees for Mr. Riley's research attorney. Mr. Riley's declaration states that a research attorney was involved in this case. (Doc. No. 16-1 at 3.) He attests the research attorney billed 5.50 hours at $325.00 an hour for a total billing amount of $1,787.50. (*Id.* at 8.)

While Mr. Riley describes that this research attorney is a member in good standing with several state bars, and has been assisting him with commercial signal piracy claims for about fifteen years, nowhere in the declaration is this research attorney's name or bar number identified. Notably, this lack identification has been repeatedly raised by other courts and is not a difficult problem to remedy. *See, e.g.*, *Zarazua,* 2022 WL 3019859, at *2–3 ("Despite previous courts repeatedly raising this issue with him, Plaintiff's counsel again neglects to provide relevant information about his research attorney); *Hernandez*, 2021 WL 3290422, at *3 ("However, the research attorney is not given a name, and there is no supporting information that demonstrates that his $300 hourly rate is reasonable in this forum."); *G & G Closed Cir. Events, LLC v. Garcia*, No. CV-19-05134-PHX-SPL, 2020 WL 5535758, at *4 (D. Ariz. Sept. 15, 2020) (finding the brief description of the unnamed research attorney's qualifications to be insufficient); *G & G Closed Cir. Events LLC v. Espinoza*, No. CV-18-08216-PCT-JAT, 2020 WL 1703630, at *4 (D. Ariz. Apr. 8, 2020) ("Mr. Riley's research attorney also poses a problem because (as is his usual practice) Mr. Riley has provided only scant information about this unidentified attorney, namely that he has practiced law for 25 years and worked with Mr. Riley for 10 of those.").

Providing his long-time research attorney's name and state bar number—or, at the very least, a reason for omitting this information—requires very little of Mr. Riley. Despite his ready access to such information and several courts pointing out this very issue, Mr. Riley's filing continues to be unsatisfactory in this regard. As such, the Court finds that Plaintiff failed to meet its burden of proving that the requested $325.00 hourly rate is reasonable for the research attorney. Accordingly, the Court does not award attorneys' fees for the unnamed research attorney.

### 3) Administrative Assistants

Plaintiff also requests $808.80 in fees for two unidentified administrative assistants. (Doc. No. 16-1 at 3, 7–8.) Mr. Riley's documentation indicates that the administrative assistants billed 6.74 hours at a rate of $120 per hour. The description of tasks performed, however, are duplicative of many of the tasks billed for by Mr. Riley and the unnamed research attorney—i.e., a review of court filings, preparation of motions, and execution of proofs of service. (*Id.* at 7–8.) Again, Plaintiff fails to explain the necessity or reasonableness of these duplicative entries.

Plaintiff's filing also lacks any information justifying the reasonableness of the administrative assistants' rates. More fatal to the request, though, courts in this Circuit have routinely "declined to award fees for clerical work by administrative assistants, particularly where there is a lack of specificity in such billing by administrative assistants and the billing is duplicative of attorney time." *J & J Sports Prods. Inc. v. Cervantes*, No. 116-cv-00485-DAD-JLT, 2019 WL 935387, at *4 (E.D. Cal. Feb. 26, 2019) (collecting cases). Furthermore, where the work performed is purely clerical, such as reviewing and preparing files, filing and serving motions, and executing proofs of service, it "should be absorbed into a firm's overhead rather than billed at a set rate." *Hernandez*, 2021 WL 3290422, at *3 (citing *Nadarajah v. Holder*, 569 F.3d 906, 921 (9th Cir. 2009)). Considering the aforementioned issues which various courts have made Plaintiff undoubtedly aware, the Court declines to award fees for tasks completed by the unidentified administrative assistants.

\* \* \*

Based on the foregoing, the Court grants in part and denies in part Plaintiff's request for attorneys' fees and awards Mr. Riley $1,050.00 in reasonable attorneys' fees.

### C.   Costs

Finally, the Court considers Plaintiff's request for costs in the amount of $2,037.00. (Doc. No. 16-1 at 8.) Plaintiff's requested costs include pre-filing investigative expenses ($1,475.00), process server fees ($125.00), and filing fees ($402.00). (*Id.*)

The record shows that the Clerk of Court, in accordance with federal and local rules, has already awarded Plaintiff costs in the amount of $525.00 for filing fees and process server fees. (Doc. No. 20 at 1–2.) Plaintiff filed no motion to retax costs challenging the Clerk's order, and the deadline to do so has passed. The Court therefore need not reconsider the Clerk's assessment of costs with respect to the filing and service fees requested and denies Plaintiff's request for the same as moot.

The remaining request for costs concern Plaintiff's pre-filing investigative fees of $1,475.00 for two investigators it hired in this case. The invoices submitted in support of these costs, however, do not contain sufficient detail for the Court to ascertain their reasonableness. For example, they provide no information about the investigators' qualifications, the extent of their work in the case, or a breakdown of costs for the type of work performed. Undermining the reasonableness of a $1,475.00 award in costs, the declarations the investigators drafted in this case reveal they spent only ten minutes at Poor House Brewing. (Doc. No. 9-2 at 2–3, 5.) Also telling, the declarations were short, fill-in-the-blank and one-page affidavits containing simple observations. (*Id.* at 2–3, 5.)

Considering the lack of justification for the investigators' costs, and in accordance with other courts in this Circuit, the Court declines to award pre-filing investigative costs. *See Zarazua,* 2022 WL 3019859, at *4 (finding the same); *G & G Closed Cir. Events, LLC v. Velasquez*, No. 1:20-cv-1736-JLT-SAB, 2022 WL 348165, at *6 (E.D. Cal. Feb. 4, 2022) ("Because investigative expenses are not generally recoverable costs, denial of Plaintiff's request for the investigation costs is appropriate."); *G & G Closed Circuit Events, LLC v. Miranda*, No. 20-cv-07684-CRB, 2022 WL 35602, at *3 (N.D. Cal. Jan. 4, 2022) ("Pre-filing investigative costs are not costs incurred in prosecuting the lawsuit and thus not recoverable."); *G & G Closed Cir. Events, LLC v. Barajas-Quijada*, No. 1:19-cv-1259-AWI-JLT, 2020 WL 1640005, at *3 (E.D. Cal. Apr. 2, 2020) (following other courts in requiring documentation "beyond the submission of a bare invoice to be provided to support an award of investigative costs").

Based on the foregoing, the Court denies Plaintiff's request for filing and service fees as moot, and denies its request for pre-filing investigative costs as inadequately supported.

## IV.   CONCLUSION

For the reasons stated herein, the Court **GRANTS IN PART** and **DENIES IN PART** Plaintiff's motion for attorneys' fees and costs. (Doc. No. 16.) Accordingly, the Court awards Plaintiff $1,050.00 in attorneys' fees. The Clerk's award of $525.00 for filing fees and process server fees in Plaintiff's favor remains undisturbed. Plaintiff's request for pre-filing investigative costs is **DENIED**.

**IT IS SO ORDERED.**

Dated:  March 18, 2024

Hon. Anthony J. Battaglia
United States District Judge